UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRANDON K. DOTSON,<br><br>                           Plaintiff,<br>       v.<br><br>MICHAEL J. ASTRUE, Commissioner of<br>Social Security Administration,<br><br>                           Defendant. | CASE NO.  C09-5643BHS<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for September 3, 2010 |

    This matter has been referred to Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by Mathews v. Weber, 423 U.S. 261 (1976).  Plaintiff, Brandon Dotson, brought this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of a final decision of the Commissioner of Social Security denying his application for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-33.

    This matter has been fully briefed.  After reviewing the record, the undersigned finds the ALJ made two specific errors prejudicing the administration's review of plaintiff's application for social security benefits.  The primary error stems from the ALJ's misinterpretation of the

REPORT AND RECOMMENDATION - 1

medical evidence, specifically the interpretation of the global assessment of functioning (GAF) scores. Accordingly, the matter should be remanded to the administration for further consideration.

## INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff was born in 1988. Tr. 78. According to a medical report dated May 27, 2006, he was raised in Centralia, and he was diagnosed with attention deficit hyperactivity disorder when he was in the third grade. Tr. 438. Plaintiff states he experienced domestic violence in his household and was physically abused while growing up. Tr. 439. Plaintiff dropped out of school after the tenth grade. *Id*.

When plaintiff was eight years old, plaintiff's mother submitted an application for social security benefits for a minor. Tr. 1. On May 18, 1999, the administration found plaintiff disabled, beginning March 31, 1997. Tr. 309-13. The administrative law judge (ALJ) wrote the following:

> Given the record as I have discussed it above, I conclude that the child's combined impairments functionally equals the level of severity contemplated by Medical Listing 112.04. As continued improvement is expected, I would encourage the Administration to review this matter in a year to determine Brandon's success. However, based on the record as a whole, I currently find that the child claimant is disabled within the meaning of the Social Security Act and Regulations.

Tr. 312.

It is unclear from the record whether or not the Administration reviewed the matter a year following the ALJ's decision, but the matter was reviewed after plaintiff turned eighteen years of age. On October 5, 2006, the Administration sent a notice of termination of benefits as of January 31, 2007. Tr. 367. Benefits were terminated based on an initial review of the record,

including medical reports through July 31, 2006. Tr. 364. Informing plaintiff and his mother that benefits would be ending, on November 13, 2006, the Administration wrote:

> You state that you are disabled due to bipolar disorder, ADHD, and oppositional defiant disorder. The evidence indicates that you were allowed childhood disability benefits due to the above conditions. Your case is being reviewed because you have now turned 18. Current medical evidence indicates that your conditions are well controlled with medication. You are able to care for your daily and personal needs independently and enjoy engaging in social activities. While you need to be compliant with your medication, we have determined that you now are capable of performing work activity. Therefore, a period of disability cannot be established.

*Id.*

Plaintiff appealed the administration's decision to terminate his benefits. Tr. 368-75. After a missed hearing and some delay, the matter was ultimately considered by an ALJ, who conducted two video hearings, one on June 4, 2008 and another on March 5, 2009. (Tr. 553-93). On April 22, 2009, the ALJ issued a decision in which she found that plaintiff had not been disabled since February 1, 2007. Tr. 17-29. The ALJ found that plaintiff suffers from substance abuse disorder and bipolar disorder. Tr. 22. However, the ALJ further concluded that symptoms of plaintiff's bipolar disorder were substantially decreased with medication and that he only experienced moderate difficulties with regard to social functioning and concentration, persistence or pace. Tr. 23, 24. Relying upon vocation expert testimony, the ALJ found plaintiff capable of performing work as a salvage laborer, tree sorter, or dishwasher. Tr. 28-29.

Plaintiff requested administrative review of the ALJ by the Administration's Appeals Council which, on August 11, 2009, denied his request, leaving the decision of the ALJ as the final decision of the Commissioner. Tr. 8-12. The matter is now before the court, based on the following alleged errors:

    1) Whether the ALJ properly evaluated plaintiff's credibility;

REPORT AND RECOMMENDATION - 3

2) Whether the ALJ properly evaluated the medical evidence, including the opinions of James Parker, M.D., and Matthew Comrie, Psy.D.;

3) Whether the ALJ properly evaluated the statements of lay witnesses Cary McAdams, MA, LMHC, Phillip Williams, MA, LMHC, and Laura Mendoza, plaintiff's mother;

4) Whether the ALJ properly found plaintiff did not meet or equal a Listing at step three;

5) Whether the ALJ properly determined plaintiff's residual functional capacity; and

6) Whether this case should be remanded on the basis of plaintiff's late-submitted evidence.

As noted above, the undersigned finds the ALJ erred in reviewing the medical evidence, which affected each of the other issues raised by plaintiff. Accordingly, the undersigned does not address each of the issues, but only the primary issue that the ALJ did not properly consider the medical evidence. The matter should be remanded to the administration for reconsideration of the matter in its entirety.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. Bayliss v. Barnhart, 427 F.3d 1211, 1214 (9th Cir.2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 201 (1971); Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989).

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. Andrews v. Shalala, 53 F.3d

1035, 1039 (9th Cir.1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir.2002). When the evidence is susceptible to more than one rational interpretation, it is the Commissioner's conclusion that must be upheld. *Id.*

Plaintiff bears the burden of proving that he or she is disabled within the meaning of the Social Security Act (the "Act"). Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir.1999) (*internal citations omitted*). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). Plaintiff is disabled under the Act only if his or her impairments are of such severity that he or she is unable to do her previous work, and cannot, considering her age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999).

## **DISCUSSION**

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." *Id.* at 830-31. However, the ALJ "need not discuss all evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir.1984) (citation omitted). The ALJ must only explain why "significant probative evidence has been rejected." *Id*.

REPORT AND RECOMMENDATION - 5

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Security Administration, 359 F.3d 1190, 1195 (9th Cir.2004); Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir.2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir.2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

The ALJ is entitled to resolve conflicts in the medical evidence. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir. 1987). He may not, however, substitute his own opinion for that of qualified medical experts. Walden v. Schweiker, 672 F.2d 835, 839 (11th Cir. 1982). If a treating doctor's opinion is contradicted by another doctor, the Commissioner may not reject this opinion without providing "specific and legitimate reasons" supported by substantial evidence in the record for doing so. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir. 1983). "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." Lester, 81 F.3d at 831. In Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989), the Ninth Circuit upheld the ALJ's rejection of a treating physician's opinion because the ALJ relied not only on a nonexamining physician's testimony, but in addition, the ALJ relied on laboratory test results, contrary reports from examining physicians and on testimony from the claimant that conflicted with the treating physician's opinion.

Here, plaintiff argues the ALJ failed to properly consider the medical evidence, particularly the opinion of Dr. Parker. In a psychiatric evaluation dated May 27, 2006, Dr. Parker reported that plaintiff described rapidly cycling moods, and plaintiff told Dr. Parker that he had been awake without sleep for 30 hours straight. Tr. 439. Dr. Parker diagnosed plaintiff with Bipolar NOS and Intermittent Explosive Disorder, and rated plaintiff's GAF at 48. Tr. 441. Dr. Parker's opinion is consistent with the other evidence of record, including Ms. McAdams' May 2008 opinion (plaintiff's GAF rated at 30, Tr. 518), Mr. Williams' January 2009 opinion (GAF rating of , at 50, Tr. 537) and Dr. Wingate's April 2009 opinion (GAF at 45, Tr. 546).

In her decision, the ALJ summarized Dr. Parker's evaluation, writing:

> Dr. Parker stated that the claimant would be able to do simple and repetitive tasks. In addition, the claimant seemed irritable during the interview, and Dr. Parker noted that he would likely experience difficulty in stressful situations with other people (Ex. 20F/4). With regard to the claimant's bipolar disorder and associated limitations, Dr. Parker's assessment is supported by the medical evidence of record. The claimant may have had some difficulty with sustaining concentration, or interacting with the examiner, but he remained capable of performing simple repetitive tasks in a setting with limited public contact. Dr. Parker's assessment is consistent with objective findings in the record, as well as claimant's own reported level of functioning. Accordingly, great weight was given to Dr. Parker's opinion in determining the claimant's residual functional capacity.

Tr. 27.

The ALJ's analysis of Dr. Parker's opinion and similar medical evidence in the record is significantly flawed. Summarizing the medical evidence, the ALJ erroneously states, "Throughout the record, the claimant was assigned global assessment of functioning (GAF) scores between 48 and 50. Such scores are indicative of moderate psychiatric symptoms or moderate impairment in social, occupational, or school functioning (Ex. 20F; 34F). Tr. 23.

The ALJ's understanding of the GAF scores is contradicted. A GAF score is an estimation of the plaintiff's psychological, social, and occupational functioning. *American*

REPORT AND RECOMMENDATION - 7

*Psychiatric Ass'n, Diagnostic & Statistical Manual of Mental Disorders* (4th ed. Text Revision 2000) (DSM-IV). A healthcare professional gives a number between 1 and 100, indicating the level of impairment. *Id*. According to the DSM-IV, a GAF score of 41-50 indicates serious symptoms OR any serious impairment in social, occupational, or school functioning. *Id*. The ALJ erroneously stated plaintiff's GAF scores only indicated moderate limitations.

Defendant concedes the ALJ error in interpreting the meaning of the GAF scores, but argues it was harmless error. Defendant argues the ALJ's opinion is still supported by substantial evidence. The undersigned disagrees. As noted above the ALJ concluded that symptoms of plaintiff's bipolar disorder were substantially decreased with medication and that he only experienced moderate difficulties with regard to social functioning and concentration, persistence or pace. Tr. 23, 24. Plaintiff's residual functional capacity to work is based on only moderate limitations. The ALJ clearly relied on Dr. Parker's assessment to support her analysis, but in fact, Dr. Parker's opinion and GAF score do not fully support the ALJ's opinion. Moreover, the ALJ also may not have given as much credit or discredit to the other medical opinions providing for similar GAF scores to Dr. Parker's. The error was not harmless.

The court further notes plaintiff's claim that Dr. Wingate's evaluation, completed on the same month as the ALJ's opinion was issued may not have been properly considered by the Administration. In a psychological evaluation dated April 8, 2009, Dr. Wingate diagnosed plaintiff with Bipolar Disorder, Type I, Manic; and Borderline Personality Disorder. Tr. 541. Dr. Wingate described plaintiff as having a marked level of severity in his depressed mood, expression of anger, hyperactivity, and global illness. *Id*. Dr Wingate opined that plaintiff had marked limitation in his ability to interact appropriately in public contacts and respond appropriately to and tolerate the pressures and expectations of a normal work setting, as well as

REPORT AND RECOMMENDATION - 8

moderate limitation in his ability to exercise judgment and make decisions, perform routine tasks, relate appropriately to co-workers and supervisors, care for self, including personal hygiene and appearance, and control physical or motor movements and maintain appropriate behavior.  Tr. 542.  Dr. Wingate wrote that mental health treatment, including psychiatric medication management and therapy, could improve plaintiff's ability to work, but the current level of impairment would be present for one to two years.  Tr. 543.  Similar to Dr. Parker's GAF rating, Dr. Wingate rated plaintiff's GAF in the mid forties.  Tr. 546.

The ALJ closed the record soon after conducting the hearing, and thus, she did not consider Dr. Wingate's opinion.  The opinion was submitted by plaintiff with his request for administrative review and the opinion was addressed by the Appeals Council, but only in a cursory fashion.  For instance, the Appeals Council did not address Dr. Wingate's assessment of marked limitations, but stated the opinion did not establish greater limitations than those assessed by the ALJ.  Tr. 9.  On remand, the administration should assign the matter to an ALJ to reconsider the medical evidence, including Dr. Wingate's evaluation dated April 2009.

## CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the administrative for further consideration, including review of all the medical evidence and completion of the five-step administrative process.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the

time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **September 3, 2010**, as noted in the caption.

DATED at this 12th day of August, 2010.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 10